UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE DELPHI CONNECTION, LLC,
    Plaintiff,

v.                                                                               2:24-cv-789-KCD-NPM

ANGELIQUE PARISOT-POTTER,
    Defendant.

## ORDER

    This is a defamation action brought by a Florida LLC, The Delphi Connection, against Angelique Parisot-Potter, a citizen and resident of Trinidad and Tobago. Parisot-Potter moved to dismiss based on an alleged lack of personal jurisdiction and the forum non conveniens doctrine. Several weeks after our denial of that motion, Delphi seeks a modification of the scheduling order to extend its expert-disclosure deadline, and the scheduled events that follow it, by four months. Delphi posits that the original schedule did not account for resolution of the motion to dismiss, and that it was prudent to forego discovery and the retention and preparation of an expert until the motion was resolved. But neither proposition withstands scrutiny. Nor, standing alone or taken together, do they satisfy the applicable standard for modifying a scheduling order. So, we must deny Delphi's request.

    "Deadlines are not meant to be aspirational." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). In fact, district courts are required to enter a

scheduling order that limits the time for discovery, and they may set other deadlines—such as expert-disclosure deadlines—to ensure orderly progress toward the discovery cutoff. *See* Fed. R. Civ. P. 16(b)(3). Such a schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party demonstrates good cause only if, despite its diligence, the deadline cannot be met. *See* Fed. R. Civ. P. 16, 1983 Advisory Committee Notes; *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). Implicitly conceding that it cannot satisfy this standard, Delphi's motion makes no attempt to argue that it does. Rather, it essentially contends that Delphi was entitled to treat the pending motion to dismiss as a stay of the scheduling order's deadlines, or that prudence dictated that it should do so. The record demonstrates otherwise.

Parisot-Potter first raised her forum non conveniens and personal jurisdiction arguments by motion on January 9, 2025. (Doc. 21). With that motion pending (and responded to),[1] the parties conducted their Rule 26(f) conference on February 19 and filed their case management report five days later. (Doc. 30). Taking note of the pending motion to dismiss, their jointly proposed schedule included an October 29, 2025 deadline for Delphi to serve its Rule 26(a)(2) disclosures, and a

---

[1] At our direction, Delphi subsequently amended its complaint to cure a shotgun pleading error, and in response, Parisot-Potter reasserted her motion to dismiss. (Docs. 38, 40).

discovery cutoff of February 2, 2026. The report affirmatively represented that the parties did not request any special handling or any phasing of discovery. They did not even request a Rule 16(f) conference.

Nevertheless, we conducted a Rule 16(f) conference on March 6, 2025. We explained to the parties at the outset that we routinely conduct Rule 16 conferences at the beginning of a case to arrive at a schedule that we will not need to revisit in the future. Despite that admonition, no one requested a stay of disclosures or discovery pending resolution of Parisot-Potter's arguments about jurisdiction and venue. To the contrary, the conference included a discussion about conducting non-party discovery in Trinidad and Tobago and how a February 2026 discovery deadline would allow sufficient time to complete it. In fact, noting the extra steps that can be involved when compelling international discovery, we encouraged the parties to work cooperatively with each other and with foreign nonparties to obtain discovery by consent whenever feasible. Thus, the import of the discussion was to proceed without any delay.

Four days later, we docketed the scheduling order. Consistent with our discussion during the Rule 16(f) conference, the order warned the parties and their counsel that they must comply with its deadlines and that motions to extend them are "**disfavored**." (Doc. 36 at 2 (emphasis in original)). Underscoring the point, the scheduling order went on to state that the parties "must comply" with its

Rule 26(a)(2) deadlines, and that they "must act promptly and with diligence" to complete discovery before the cutoff. Moreover, the Civil Action Order that we docketed at the inception of the case provides that "all counsel and parties must comply with … the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida." (Doc. 9 at 11).[2] And the Handbook likewise conveys that—without an order granting a stay—a motion to dismiss does not supply grounds for deferring discovery. As stated therein:

> STAYS OF DISCOVERY. Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. Middle District Discovery (2021) at Section I.E.4

So, contrary to Delphi's suggestions, the scheduling order did, in fact, account for the then-pending motion to dismiss, and it was quite imprudent to defer disclosures or discovery pending its resolution.

Now, on the eve of its Rule 26(a)(2) disclosure deadline, Delphi essentially asks us to retroactively approve its unilateral decision to forego discovery and preparation of an expert witness. But the time for such relief has long since passed. On several occasions, Delphi could have requested a stay pending the resolution of the motion to dismiss: in the case management report, during the Rule 16(f) conference, in conjunction with responding (twice) to the motion to dismiss, or in

---

[2] The parties' cases management report also refers to the Discovery Handbook. (Doc. 30 at 4).

- 4 -

the months since the motion-to-dismiss briefing was complete. But it never did. And given its firm conviction that the motion to dismiss lacked merit, it is all the more questionable that Delphi did not press ahead with its disclosure obligations and associated discovery.

We routinely deny requests for relief from a scheduling order when a movant has chosen to defer its work on the matter so that it may devote time, effort, and resources to other pursuits. *See, e.g.*, *Kiewit Infrastructure S. Co. v. W. Sur. Co.*, No. 2:20-cv-660-JLB-NPM, 2023 WL 618920 (M.D. Fla. Jan. 3, 2023); *Hudson v. Fla. Dep't of Corr.*, No. 2:19-cv-12-JLB-NPM, 2020 WL 13647765 (M.D. Fla. June 27, 2020). We do so again here.

Simply put, Delphi has not shown that, despite its diligence, it could not comply with the scheduling order. Its motion to amend the scheduling order (Doc. 52) is **DENIED**.

**ORDERED** on October 28, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge