**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

THE DELPHI CONNECTION, LLC,
        Plaintiff,

        v.

ANGÉLIQUE PARISOT-POTTER,
        Defendant.

Case No. 2:24-cv-00789-KCD-NPM

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S OPPOSED MOTION FOR**
**LIMITED EXTENSION OF FACT DISCOVERY DEADLINE [D.E. 115]**

Defendant Angélique Parisot-Potter, proceeding pro se, opposes Plaintiff's Opposed Motion for Limited Extension of Fact Discovery Deadline (D.E. 115). The motion should be denied.

Plaintiff describes the requested extension as "limited" and represents on page 2 of its motion that "[n]o other deadlines in the operative scheduling order would be affected." D.E. 115 at 2. Yet the same motion seeks a thirty-five-day extension of the dispositive and Daubert motions deadline. D.E. 115 at 5, 7–8. The relief actually sought is: (i) an extension of fact discovery to June 30, 2026; (ii) authorization for Plaintiff to propound post-deposition written discovery on Defendant; and (iii) an extension of the dispositive and Daubert deadline to July 28, 2026. That is not limited relief. It is a request to extend fact discovery, reserve

new party discovery against Defendant, and delay dispositive and Daubert motion practice.

This Court has previously addressed Plaintiff's Rule 16(b)(4) diligence on this docket. On October 22, 2025, Plaintiff filed a Time Sensitive Motion to Modify the Case Management and Scheduling Order. D.E. 52. Defendant opposed. D.E. 55. On October 28, 2025, this Court denied the motion, finding that "Delphi has not shown that, despite its diligence, it could not comply with the scheduling order." D.E. 59. The schedule was later modified once on a joint motion, and the Court entered the operative Amended Case Management and Scheduling Order. D.E. 61; D.E. 62; D.E. 63. That order is the operative schedule Plaintiff now seeks to alter again. D.E. 115 is not another joint schedule modification. It is an opposed request to alter the operative schedule while characterizing the requested relief as both deadline-neutral and harmless to Defendant. The record does not identify a new issue requiring modification of the schedule. It shows Plaintiff's own timing problem. Plaintiff waited until the final weeks of discovery to initiate foreign process directed at Massy, withdrew that application, and served a Third Set of 258 Requests for Admission that brought Plaintiff's total RFAs to 913 — with responses due on the discovery cutoff. Plaintiff now asks this Court for authority to serve additional written discovery on Defendant after Defendant's deposition.

2

Plaintiff's assertion that the extension will benefit Defendant and cause her no prejudice is disproved by the relief Plaintiff seeks. Defendant opposes the extension. Defendant did not request more discovery time, did not request a delayed dispositive-motion deadline, did not agree to post-deposition written discovery by Plaintiff, and did not consent to any modification of D.E. 63. The requested relief would extend the burden of discovery on Defendant while giving Plaintiff more time to pursue discovery it elected to pursue late. That is not a benefit to Defendant. It is one-way relief for Plaintiff.

**BACKGROUND**

This action was filed on August 29, 2024. D.E. 1. The original Case Management and Scheduling Order was entered March 10, 2025. D.E. 36.

The schedule was later modified once, on the parties' joint motion of February 2, 2026 and the Court's order of February 3, 2026. D.E. 61; D.E. 62; D.E. 63. The operative Amended Case Management and Scheduling Order sets the discovery completion and motions to compel discovery deadline at May 13, 2026; the dispositive and Daubert motions deadline at June 23, 2026; the motions in limine deadline at November 29, 2026; and the trial term beginning January 4, 2027. D.E. 63.

On April 27, 2026, Plaintiff began seeking modification of the operative schedule. By email at 10:43 a.m. ET on April 27, 2026, counsel for Plaintiff

3

proposed a "stipulated modification" of D.E. 63. Defendant declined consent the same day at 5:51 p.m. ET, again on April 28, 2026 at 12:01 p.m. ET, and again at 2:42 p.m. ET. On April 28, 2026, approximately two hours before the parties' scheduled conferral, Plaintiff transmitted a redline of D.E. 63 styled as a "joint construed motion"; Defendant rejected that characterization in writing within minutes. Defendant's written refusals and rejection of the joint characterization are filed at D.E. 108-1.

The parties held a Local Rule 3.01(g) conferral by telephone conference on April 28, 2026 at 4:30 p.m. ET. Defendant had confined the conferral in writing to Plaintiff's proposed schedule modification. D.E. 108-1. Plaintiff nevertheless sought, before and during the call, to add subjects Defendant had not agreed to confer on, including the proposed Letter of Request, the April 20 deficiency letter, and Plaintiff's stated intention to seek leave to file a sur-reply. Defendant did not agree to expand the conferral, and the schedule-modification dispute was not resolved. Immediately following the conferral, Plaintiff filed an Emergency Motion for Issuance of an International Letter of Request (Letter Rogatory) (D.E. 106), seeking documents from Massy Holdings Ltd. through the Trinidad and Tobago High Court of Justice. Defendant filed a Limited Response on April 29, 2026 (D.E. 108), stating that any order on Plaintiff's Letter Rogatory motion should not be

construed as modifying D.E. 63, authorizing any extension, reopening, or reservation of party discovery, or reflecting Defendant's consent to any such relief.

On May 1, 2026, Plaintiff filed the present motion. D.E. 115. As to the Massy-discovery component of the requested extension, Plaintiff represents in footnote 1 that it has "withdrawn the application" filed in the High Court of Justice of Trinidad and Tobago on April 17, 2026 (CV2026-01363), which was referenced in D.E. 106 ¶ 5. Plaintiff further states that it "plans to re-file once the Court rules on its Emergency Motion for Issuance of Letters Rogatory." D.E. 115 at 4 n.1.

## LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Eleventh Circuit holds that this good-cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam). Diligence is the focus of the inquiry. The absence of prejudice does not, by itself, establish good cause. Id. at 1419. A party that fails to pursue discovery diligently within the time allowed cannot satisfy Rule 16(b)(4).

## ARGUMENT

### A. Plaintiff has not shown diligence.

5

Rule 16(b)(4) requires Plaintiff to show that the existing schedule could not be met despite diligence. D.E. 115 does not make that showing. Plaintiff identifies no newly discovered fact, newly identified witness, or external obstacle that made the May 13, 2026 deadline impossible to meet. The timing problem is Plaintiff's own.

First, Plaintiff says it needs an extension because the Trinidad process cannot be completed before the discovery cutoff. But Plaintiff did not initiate that process until April 17, 2026, less than one month before the cutoff, withdrew the application eleven days later, and now states that it will re-file only after this Court rules on D.E. 106. D.E. 115 at 4 n.1. That is not diligence. It is a self-created timing problem.

Second, Plaintiff's own production history does not establish diligence. Plaintiff served its initial production on November 28, 2025. D.E. 97 at 3. Plaintiff served amended responses on February 9, 2026 and amended interrogatory responses on February 18, 2026; the amended interrogatory responses expanded the list of allegedly defamatory statements from fifteen items to fifty-eight items. Id. Plaintiff also served an April 8, 2026 production that included Massy-related communications date-stamped in counsel's records on December 1, 2025 — more than four months before production. D.E. 99 ¶ 5; D.E. 99-2. After Defendant's deficiency letter, and while representing that production was complete, Plaintiff

6

produced approximately 890 PowerPoint slides constituting the content of the Executive Program. Those slides are not newly created documents, newly discovered documents, or third-party records. They are Plaintiff's own program materials, central to Plaintiff's pleaded claims. On April 23, 2026, Plaintiff filed D.E. 97 and represented that "Delphi has produced all responsive, non-privileged documents in its possession, custody, or control following a reasonable search." D.E. 97 at 5. Plaintiff therefore produced core materials in the closing weeks of discovery, and represented substantial completeness while continuing to make rolling productions. Plaintiff cannot produce core records in waves through the final weeks of discovery and then contend that the schedule itself was insufficient.

Third, the relief Plaintiff seeks is one-way. Plaintiff does not merely ask for more time to complete third-party discovery. Plaintiff asks for an extension that would allow Plaintiff to propound "any necessary written follow-up discovery on Defendant" and "additional written discovery from Plaintiff to Defendant, if Plaintiff determines such to be necessary as a result of questioning at Defendant's deposition." D.E. 115 at 1; D.E. 108-1. That request is not neutral, reciprocal, or protective of Defendant. Defendant opposes that relief. Defendant would oppose it even if it were reciprocal. The absence of reciprocity simply confirms that Plaintiff's assertion of mutual benefit is not supported by the relief Plaintiff actually seeks. Plaintiff's representation that "[a] limited extension will benefit both parties

7

and cause no prejudice to Defendant" is contradicted by D.E. 115 itself. D.E. 115 at 5. Rule 16(b)(4) does not permit Plaintiff to recast a unilateral expansion of discovery against Defendant as a benefit to Defendant.

Plaintiff identifies no newly discovered fact or circumstance making the existing schedule impossible to meet despite diligence. The delay is Plaintiff's own.

### *B. Plaintiff has pleaded a Massy-causation case since 2024 and now seeks more time to find support for that theory.*

Plaintiff filed this action on August 29, 2024. D.E. 1. The operative pleading is the Second Amended Complaint, filed March 20, 2025. D.E. 38. Plaintiff pleaded that Defendant's statements caused Massy to terminate the Executive Program engagement and caused Plaintiff's resulting losses. See D.E. 38 ¶¶ 51–53, 81, 87.

First, Plaintiff's Massy theory is not new. Plaintiff did not plead Massy causation as a theory awaiting discovery. It pleaded that Massy canceled the Executive Program because of Defendant's statements. Plaintiff has prosecuted this case on that asserted causal explanation. That is why Plaintiff's April 2026 request for foreign Massy process is not a late-arising discovery need; it is a late effort to obtain support for the causal explanation Plaintiff pleaded at the beginning.

Second, Plaintiff's delay must be measured against that pleaded position. Plaintiff did not initiate foreign process directed at Massy in 2024. It did not do so

8

in 2025. It did not do so when the schedule was modified in February 2026. Plaintiff waited until April 17, 2026 — less than a month before the discovery cutoff — to seek foreign process for records from the entity on which its causation and damages theory has rested from the outset. In support of that application, Plaintiff's principal Paul Dominguez stated under oath in the affidavit filed at D.E. 106-1:

> It is in the best interests of administration and justice that the Honourable Court grants the orders sought by the Applicant, as without same the Applicant would be denied an opportunity to produce cogent evidence in support of its action before the United States District Court Middle District of Florida.

D.E. 106-1 at PageID 1234 ¶ 13. The corresponding Notice of Application repeats the same formulation. D.E. 106-1 at PageID 1225 ¶ 10.

Plaintiff then withdrew that foreign application and now asks this Court to extend the schedule because that late process cannot be completed before the cutoff. D.E. 115 at 4 n.1. Rule 16(b)(4) does not permit a party to plead causation as fact, litigate for nearly twenty months on that premise, wait until the final weeks of an already-extended discovery period to seek evidence it says is necessary to support that theory, withdraw the application after filing it, and then invoke the resulting timing problem as good cause.

Third, Plaintiff's own April 2026 positions confirm that the Massy discovery issue was known, not late-arising. On April 7, 2026, Plaintiff's counsel addressed

9

Defendant's Requests for Production seeking documents related to Massy's
cancellation of the Executive Program. Plaintiff's letter stated:

> The cancellation decisions, internal deliberations, and departure
> communications of Massy and the Big Four firm are paradigmatically
> third-party documents not within Delphi's possession, custody, or
> control. … To the extent you seek the internal records of these
> third-party entities, your remedy is a subpoena under Rule 45.

D.E. 99-7 at 5.

Plaintiff did not merely take that position in correspondence. On April 23,
2026, Plaintiff repeated the same position to this Court, arguing that RFPs Nos. 29
and 30 sought documents relating to Massy's cancellation of the Executive
Program — an alleged fact pleaded by Plaintiff at the outset — and that, to the
extent Defendant sought internal records of those third-party entities, "her remedy
is a subpoena under Rule 45—not a motion to compel production of documents
Delphi does not have." D.E. 97 at 14. By April 2026, Plaintiff was not discovering
Massy's relevance for the first time. Plaintiff knew Massy's role in its own theory,
knew the category of records at issue, and knew that third-party process was the
mechanism for seeking them. The failure to pursue that evidence until the final
weeks of discovery is not diligence.

The requested categories reinforce the absence of diligence. They are not
newly discovered matters. They include speculative requests for documents that
may not exist, including "the Respondent's full report, if one exists" and "any

10

warning letters which the Respondent issued." D.E. 106-1 at PageID 1230 ¶¶ 3.1.1–3.1.2. Plaintiff's motion repeats the same qualifier: "Massy's full report (if any)." D.E. 115 at 3. They also include categories concerning Defendant's prior employment with Massy, including warning letters, termination materials, board minutes concerning Defendant's termination, and mediation correspondence. D.E. 106-1 at PageID 1230–1231 ¶¶ 3.1.2–3.1.4, 3.1.7. Plaintiff's pleaded causation theory is that Defendant's statements caused Massy to cancel Delphi's Executive Program relationship. D.E. 38 ¶¶ 51–53, 81, 87. Plaintiff cannot justify a discovery extension by combining speculative requests for documents that may not exist with employment-related categories that are not the pleaded cancellation event. The issue is not whether Massy could possess causation evidence in the abstract. The point is that Plaintiff pleaded Massy causation from the beginning and now seeks an extension to find out whether Massy has documents that might support that theory. That is not diligence under Rule 16(b)(4).

**C. The requested extension would prejudice Defendant and is not a benefit to her.**

Plaintiff's prejudice argument fails on the face of the relief requested. D.E. 115 is not deadline-neutral. It pushes the dispositive and Daubert motions deadline from June 23, 2026 to July 28, 2026 — a thirty-five-day extension at the dispositive-motion stage — despite Plaintiff's representation on page 2 that "[n]o

11

other deadlines in the operative scheduling order would be affected." D.E. 115 at 2; D.E. 115 at 5, 7–8. The extension would compress the remaining pretrial schedule and reduce the time available to Defendant for motions in limine, pretrial filings, trial preparation, and preparation following dispositive and Daubert briefing.

Defendant has organized discovery, deposition, dispositive-motion, and pretrial work around the operative schedule. Defendant has timely served written discovery and deposition notices, obtained and produced documents, retained court reporters, and scheduled depositions to fit within the May 13, 2026 cutoff. The Indira Dyal-Dominguez deposition proceeded on May 1, 2026 after Plaintiff sought to move it from April 30, 2026; the Roy Roth deposition is scheduled for May 6, 2026 after Plaintiff sought to move it from May 1, 2026; the Paul Dominguez deposition, individually and as Rule 30(b)(6) corporate representative, is scheduled for May 7, 2026; and Plaintiff has noticed Defendant's deposition for May 8, 2026. Each of these dates falls within the existing schedule.

Plaintiff's own written-discovery conduct further undermines the prejudice and timing premise of the motion. On April 13, 2026, Plaintiff served Defendant with a Third Set of Requests for Admission containing 258 additional requests, Nos. 656–913, with responses due May 13, 2026 — the discovery cutoff. On April 20, 2026, seventeen days after Defendant served responses to Plaintiff's Second Set of Requests for Admission, Plaintiff served a deficiency letter challenging more

12

than 250 responses and demanding amended responses within four calendar days. Defendant advised that she would provide a substantive written response by May 1, 2026, still twelve days before the May 13 discovery and motion-to-compel deadline. Plaintiff nevertheless filed D.E. 109 on April 29, 2026, before Defendant's committed response date.

That chronology defeats Plaintiff's claim that the requested extension is harmless. Plaintiff placed Defendant's responses to 258 additional RFAs on the last day of discovery, compressed the deficiency process on the prior RFA set into a four-day demand, moved to compel before Defendant's May 1 response date, and now seeks a reservation of additional written discovery from Plaintiff to Defendant after Defendant's deposition. Plaintiff cannot create compression through its own discovery choices and then characterize an extension for still more Plaintiff-to-Defendant discovery as harmless or beneficial to Defendant.

At the same time, Plaintiff's own productions have proceeded in waves, including late production of materials Plaintiff had long possessed, while Plaintiff represents that its production is complete. Plaintiff cannot press discovery against Defendant through the cutoff while using its own end-loaded discovery conduct as a basis to extend Defendant's litigation burden.

Granting D.E. 115 would shift the consequences of Plaintiff's timing onto Defendant. It would extend Defendant's litigation burden, prolong exposure to

13

additional written discovery, delay summary judgment practice, and create room for further disputes over matters Plaintiff did not pursue when the time to do so was open. That is prejudice. It is not a benefit to Defendant.

### *D. Plaintiff cannot use the unresolved April 9 deposition dispute as good cause while taking inconsistent positions on May 8.*

Plaintiff's Section II argues that Defendant's alleged failure to appear at the April 9, 2026 deposition supplies independent good cause for the requested extension. D.E. 115 at 5–7. That argument rests on a disputed premise already before the Court in separate motion practice. The April 9, 2026 deposition issue is the subject of Plaintiff's Emergency Motion to Compel (D.E. 80), Defendant's Response in Opposition (D.E. 83), Plaintiff's Reply (D.E. 88), and Defendant's Sur-Reply (D.E. 104). Defendant disputes Plaintiff's characterization of the April 9 events and has set out her position in those filings. The Court has not adjudicated D.E. 80. Plaintiff cannot use D.E. 115 to obtain, indirectly, the benefit of a ruling it has not obtained on D.E. 80. A disputed and unresolved deposition accusation is not good cause under Rule 16(b)(4).

Plaintiff's own conduct before and after April 9 also defeats its timing argument. In D.E. 80, filed April 1, 2026, Plaintiff told the Court that Defendant's offered May 8 and May 11 dates were "both falling mere days before the close of the discovery period," that pushing the deposition to "the eve of the discovery

14

cutoff would leave Delphi with no meaningful margin to address any scheduling conflict, illness, or other disruption, creating a substantial risk that the deposition could not occur at all within the discovery period," and that those dates would "compress the deposition into the final days of the discovery period, creating a substantial risk that any scheduling disruption would foreclose the deposition entirely." D.E. 80 ¶¶ 15, 18. In D.E. 115, Plaintiff repeats the same framing: that Defendant's May 8 and May 11 dates "fell mere days before the close of discovery, leaving no meaningful margin to propound any follow-up written discovery within the discovery period." D.E. 115 at 6.

Yet in the same period, Plaintiff placed, sought to place, or demanded Plaintiff-side depositions in that same end-of-discovery window: Roy Roth on May 6, 2026; Paul Dominguez on May 7, 2026; and Indira Dyal-Dominguez into the same final period, including May 8, 2026, and later the May 4–13, 2026 window. D.E. 104-2. Plaintiff then noticed Defendant's deposition for May 8, 2026 — the very date Plaintiff had told the Court would create "substantial risk" that the deposition could not occur within the discovery period. Plaintiff cannot ask the Court to find prejudice from May 8 when Plaintiff itself demanded May 8 multiple times for Plaintiff-side witnesses, demanded other dates in the same May 4–13 final discovery window, including the last day of discovery, and later noticed May 8 for Defendant. The problem Plaintiff identifies is not that discovery could not

15

proceed within the existing schedule. The relief Plaintiff seeks is a new post-deposition written-discovery period directed at Defendant and a delayed dispositive and Daubert deadline.

Plaintiff's reliance on the M.D. Fla. Civil Discovery Handbook § I.F. thirty-day-prior-service rule does not change the Rule 16 analysis. D.E. 115 at 6–7. The same final-window dates Plaintiff invokes as inadequate for Defendant's deposition were dates Plaintiff sought, accepted, or demanded for Plaintiff-side witnesses. Plaintiff cannot invoke the thirty-day cushion as good cause for extending the discovery period when Plaintiff treated that same window as workable for its own deposition scheduling.

### E. Plaintiff's serial filings and shifting requests do not substitute for diligence.

D.E. 115 did not arise from a discrete newly discovered problem. By late April 2026, Plaintiff was pursuing multiple late discovery tracks while also seeking to alter the operative schedule after Defendant had declined consent.

The April 27–28 communications show that expansion. On April 27, 2026, Plaintiff proposed by email a "stipulated modification" of D.E. 63; Defendant declined consent the same day. On April 28, 2026, approximately two hours before the parties' scheduled conferral, Plaintiff transmitted a redline of D.E. 63 styled as a "joint construed motion," a characterization Defendant rejected in writing within

16

minutes. D.E. 108-1. The conferral, which Defendant had confined in writing to Plaintiff's proposed schedule modification, took place at 4:30 p.m. ET; Defendant stated her opposition. Before and during that call, Plaintiff also sought to add the proposed Letter of Request, the April 20 deficiency letter, and Plaintiff's stated intention to seek leave to file a sur-reply; Defendant did not agree to expand the conferral. D.E. 108-1.

Immediately after the conferral, Plaintiff filed its Emergency Motion for Issuance of an International Letter of Request. D.E. 106. Plaintiff's own process remained incomplete, by Plaintiff's own account. D.E. 115 at 4 n.1. On May 1, 2026, Plaintiff filed D.E. 115, seeking not only time for Massy third-party discovery, but also a reservation of additional written discovery from Plaintiff to Defendant and an extension of the dispositive and Daubert motions deadline.

Plaintiff's requested relief expanded over the course of these communications and filings: first, a proposed extension limited to Massy third-party discovery; then, a redline reserving additional written discovery from Plaintiff to Defendant; and finally, D.E. 115's request for both, plus a delayed dispositive and Daubert deadline. The stated basis for relief also expanded — from Massy discovery, to the Letter Rogatory motion, to the unresolved April 9, 2026 deposition dispute. Yet the practical effect remained the same: more time for

17

Plaintiff, an additional discovery burden on Defendant, and delayed dispositive and Daubert motion practice.

Plaintiff has not established diligence under Rule 16(b)(4). The record shows the opposite: late discovery activity, expanding requested relief, and shifting explanations for why the schedule should now yield. Defendant has already set out, in her Limited Response to D.E. 106, that any order issuing a Letter of Request should not be construed as authorizing any extension, reopening, or reservation of party discovery. D.E. 108 ¶¶ 10–12. The same restrictions should apply here. Any order on D.E. 115 should expressly state that it does not authorize any extension of the discovery period, any reopening of party discovery, any additional written discovery from Plaintiff to Defendant, or any extension of the dispositive and Daubert motions deadline.

## **CONCLUSION**

Plaintiff's motion should be denied. Plaintiff has not shown that the existing schedule could not be met despite diligence. The record on D.E. 115 shows late foreign process, a request for post-deposition written discovery directed at Defendant, and a proposed dispositive/Daubert extension Plaintiff initially represented would affect no other deadlines. That is not good cause under Rule 16(b)(4).

Plaintiff has pleaded since August 2024 that the loss of the Plaintiff-Massy relationship caused substantial damages, but waited until the final weeks of an already-extended discovery period to pursue foreign third-party discovery from Massy. Plaintiff then withdrew the foreign application and now relies on the resulting timing problem as a basis for extending the schedule.

The remaining relief Plaintiff seeks is one-way. Plaintiff asks for more time, post-deposition written discovery directed at Defendant, and a delayed dispositive and Daubert deadline, while characterizing that relief as a benefit to Defendant. Defendant opposes that relief. Plaintiff's deposition-based theory rests on an unresolved April 9, 2026 dispute already before the Court and on a May 8 timing argument contradicted by Plaintiff's own scheduling.

Defendant respectfully requests that the Court deny D.E. 115 in its entirety and order that no extension of discovery, reopening or reservation of party discovery, additional written discovery from Plaintiff to Defendant, or extension of the dispositive and Daubert motions deadline is authorized.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Defendant states as follows. On April 27, 2026 at 10:43 a.m. ET, counsel for Plaintiff proposed by email a stipulated modification of D.E. 63. Defendant declined consent on April 27, 2026 at 5:51

p.m. ET. Defendant proposed availability for a conferral on the schedule modification on April 28, 2026 at 4:30 p.m. ET, and confined the scope of any such conferral to that subject. Defendant restated that scope in writing on April 28, 2026 at 12:01 p.m. ET. Defendant rejected Plaintiff's proposed redline of D.E. 63 in writing on April 28, 2026 at 2:42 p.m. ET. The parties conferred by telephone conference on April 28, 2026 at 4:30 p.m. ET. Defendant stated her opposition to any modification of D.E. 63 on the call. The conferral did not resolve the dispute. The contemporaneous correspondence is filed of record at D.E. 108-1.

Dated: May 3, 2026.

Respectfully submitted,

/s/ Angélique Parisot-Potter
Angélique Parisot-Potter
Pro Se Defendant
11 Rainbow Hill, Terrace Vale Road
Goodwood Park, Carenage
Trinidad and Tobago
angeliqueparisotpotter@gmail.com
+1 (868) 719-3510

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.

/s/ Angélique Parisot-Potter
Angélique Parisot-Potter

20